# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59650-4-II |
| Respondent, | |
| v. | |
| ADNEL KENJAR, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — In 2023, Adnel Kenjar was an inmate at Green Hill School, a medium/maximum juvenile detention facility. In April 2023, Kenjar initiated a fight with another inmate and four other inmates joined the fight. The State charged Kenjar with prison riot under RCW 9.94.010 and a jury found him guilty.[1] Kenjar appealed to this court, challenging the constitutionality of RCW 9.94.010 and the sufficiency of the evidence supporting his conviction. Kenjar also alleged ineffective assistance of counsel and trial court evidentiary errors.

On April 25, 2025, the governor signed into law a bill that retroactively changed the definition of "correctional institution" in the prison riot context, expressly excluding "juvenile detention facilities." ENGROSSED SUBSTITUTE H.B. (ESHB) 1815, at § 1, 69th Leg., Reg. Sess.

---

[1] Kenjar was an adult in April 2023, but was incarcerated at Green Hill School for a second degree murder conviction.

(Wash. 2025).[2] Under the new law, Kenjar was not at a correctional institution during the events underlying his charge, which is an essential element of prison riot; therefore, we reverse and remand to the trial court for the vacation of Kenjar's prison riot conviction.

## FACTS

On April 26, 2023, Adnel Kenjar was an inmate in the Willow Living Unit at Green Hill School, a medium/maximum juvenile detention facility. That evening, Kenjar and the other unit residents were gathered in the common area for medication distribution and for inmates to receive phone calls.

Kenjar received notice that he had an incoming phone call from his lawyer. The Willow Unit has one phone available for resident use and the phone may only receive incoming calls. Another resident, Sterling Lalicata, was using the phone when Kenjar was notified of his incoming call.

Kenjar informed Lalicata he needed to use the phone. Lalicata acknowledged Kenjar; however, Lalicata remained on the phone. Kenjar again informed Lalicata he needed to use the phone. After Kenjar's second request, he began punching Lalicata. Four other residents joined in the fight on Kenjar's side.

---

[2] The State immediately submitted a motion to this court for accelerated review and immediate issuance of a mandate because Kenjar was not at a "correctional institution" during the events underlying his charge. Kenjar does not object.

This court, "on motion by a party may set any review proceeding for accelerated disposition." RAP 18.12. Further, this court has the authority to issue orders in a case after acceptance of review, "to insure effective and equitable review, including authority to grant injunctive or other relief to a party." RAP 8.3. Therefore, we grant the State's motion for accelerated review.

The State charged Kenjar with prison riot under RCW 9.94.010. A jury found Kenjar guilty. Kenjar was sentenced to 12 months and one day for his prison riot conviction. Kenjar timely appealed.

ANALYSIS

Under Washington's prison riot statute:

Whenever two or more inmates of a *correctional institution* assemble for any purpose, and act in such a manner as to disturb the good order of the institution and contrary to the commands of the officers of the institution, by the use of force or violence, or the threat thereof, and whether acting in concert or not, they shall be guilty of prison riot.

RCW 9.94.010(1) (emphasis added).

At the time of Kenjar's conviction, "'correctional institution[s]'" included "juvenile detention centers." Former RCW 9.94.049(1) (2021). On April 25, 2025, the governor signed into law a bill that excluded juvenile detention centers from the definition of "correctional institution" in the prison riot context. ESHB 1815, at § 1, 69th Leg., Reg. Sess. (Wash. 2025). The legislature included language in the bill that this change was effective immediately and that it applied retroactively to all prison riot convictions that were charged within five years before April 25, 2025. ESHB 1815, at §§ 6-7, 69th Leg., Reg. Sess. (Wash. 2025).

In 2023, Kenjar was housed at the Green Hill School, a juvenile detention facility. He engaged in conduct for which he was convicted of prison riot under RCW 9.94.010. However, under the new retroactive statute, RCW 9.94.049, Kenjar was not an inmate at a "correctional institution," which is an essential element of prison riot. RCW 9.94.010. Because Kenjar's

conviction occurred within the last five years, ESHB 1815 applies to Kenjar. Accordingly, we reverse Kenjar's conviction under RCW 9.94.010 and remand to the trial court.[3]

## CONCLUSION

We reverse Kenjar's conviction and remand to the trial court for the vacation of Kenjar's prison riot conviction. We also direct the clerk of this court to immediately issue the mandate under RAP 12.5(b).[4]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Glasgow, J.

---

[3] Because we reverse Kenjar's conviction and remand to the trial court to vacate his conviction, Kenjar's other arguments regarding ineffective assistance of counsel and evidentiary error are moot.

[4] We remove this case from the court's May 13, 2025 docket.